

Signed and Filed: June 07, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>WILEHARDA KILIAN MBUNDA,<br><br>　　　　　　　　Debtor.<br>_____<br>THOMAS VAN ZANDT, EXECUTOR FOR<br>ESTATE OF EVALINE JEANNE MALIS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WILEHARDA KILIAN MBUNDA,<br><br>　　　　　　　　Defendant.<br>_____ | Bankruptcy Case<br>No. 10-34095DM<br><br>Chapter 7<br><br>Adversary Proceeding<br>No. 10-3267DM |

MEMORANDUM DECISION ON MOTION TO
DISMISS LARCENY CLAIM

On May 13, 2011, the court held a hearing on the motion of defendant Wileharda Kilian Mbunda ("Debtor") to dismiss Count 2 of the amended complaint of Thomas Van Zandt, Executor for the Estate of Evaline Jeanne Malis ("Plaintiff"), objecting to the dischargeability of debt.  In Count 2 of the Amended Complaint, Plaintiff contended that a debt arising from a loan made to Debtor by Plaintiff was excepted from discharge as a "debt for . . . larceny" under section 523(a)(4).

For the purposes of the motion to dismiss, the court assumes that the factual allegations of the complaint are true.  From 1993

through 2005, Ms. Malis made loans and guaranteed lines of credit for Plaintiff. In 2005, when Ms. Malis was 85 and in poor health, Ms. Malis refinanced her personal residence in order to loan $200,000 to Debtor. Plaintiff contends that Ms. Malis made these loans based on misrepresentations made by Debtor knowingly and with intent to deceive. Plaintiff also alleges that Debtor's conduct constituted "financial abuse" of an elder under California Welfare and Institutions Code section 15610.30, and that Ms. Malis' consent was not freely given, thereby supporting a finding of larceny.

While the conduct alleged by Plaintiff may give rise to a claim under section 523(a)(2) of the Bankruptcy Code, it does not support a claim for larceny under section 523(a)(4). "For purposes of section 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny as a 'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.'" In re Ormsby, 591 F.3d 1199, 1205 (9th Cir. 2010), citing 4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev. 2008). Common law larceny "requires a taking of property from the possession of another without his consent and with intent to permanently deprive him of possession." In re Wilson, 114 B.R. 249, 252 n. 10 (Bankr. E.D. Cal. 1990), citing United States v. Sellers, 670 F.2d 853, 854 (9th Cir. 1982).

In the amended complaint, Plaintiff concedes that Ms. Malis loaned $200,000 to Debtor; Debtor did not take the money initially without her consent. Plaintiff has not alleged facts that Ms. Malis was incapable of consent. A violation of California Welfare

-2-

Case: 10-03267    Doc# 25    Filed: 06/07/11    Entered: 06/09/11 10:30:32    Page 2 of 5

and Institutions Code section 15610.30, which establishes an independent cause for damages for taking or obtaining property of an elder for a wrongful use or with intent to defraud, does not vitiate consent. Whether that consent was wrongfully or fraudulently obtained would be the subject of the section 523(a)(2) claims. Even if Debtor used the funds for a purpose other than represented or had no present intent to repay the loan, the misuse or misappropriation of the funds is not larceny for the purposes of section 523(a)(4). See e.g., In re Marsh, 2011 WL 1671562 (Bankr. N.D. Ga. Mar. 21, 2011) (plaintiff gave debtor $200,000 to apply to purchase of property to be used as collateral; debtor did not use funds for that purpose, but instead converted them for other purposes. Debtor's misuse of funds, albeit by means of misrepresentation, was not larceny); In re Giarratano, 299 B.R. 328, 338 (Bankr. D. Del. 2003), aff'd, 358 B.R. 106 (D. Del. 2004) (debtor obtained $12,000 from creditor by misrepresenting the purpose for which she sought it; court held that obtaining the funds by false pretenses did not constitute common law larceny).

As Ms. Malis intended to (and did) turn over the $200,000 to Debtor as a loan, that amount was not taken without her consent for the purposes of determining "larceny." Certainly, her consent may have been based on misinformation or fraudulent representations, but that lack of "informed consent" would be the basis of Plaintiff's claim under section 523(a)(2).

Counsel for Debtor should upload an order granting the motion to dismiss the larceny claim for the reasons stated in this memorandum decision. He should also file a separate proof of

-3-

service showing that he served Plaintiff's counsel with a copy of the proposed order in accordance with B.L.R. 9021-1.  Trial on the remaining count of the amended complaint will proceed on September 20, 2011, at 9:30 a.m.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST

Thomas Van Zandt
P.O. Box 1804
Mill Valley, CA 94942

Case: 10-03267    Doc# 25    Filed: 06/07/11    Entered: 06/09/11 10:30:32    Page 5 of 5